**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 95-60753

---

MAXXAM, INC.,

Petitioner-Appellant,

versus

OFFICE OF THRIFT SUPERVISION,
Department of the Treasury,

Respondent-Appellee.

---

Petition for Review of an Order
of the Federal Home Loan Bank Board

(88-1535-P)

---

December 10, 1996

Before POLITZ, Chief Judge, and WIENER and STEWART Circuit Judges.

PER CURIAM:[*]

In its appeal from the refusal of the Federal Home Loan Bank

Board (FHLBB) to grant a petition for review, Petitioner-Appellant

MAXXAM, Inc. asks us to (1) reverse, (2) grant its petition, and

(3) declare it to be the successful bidder, retroactively to 1988,

---

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

for acquisition of United Savings Association of Texas (USAT). MAXXAM asserts this bold proposition of unfathomable ramifications — characterized, with only the slightest hyperbole, as "preposterous" by counsel for USAT at oral argument before this court — almost eight years after MAXXAM was advised in writing that its effort to acquire USAT had fallen short of the mark and that Hyperion Partners had been the successful bidder. Despite urging in its written and oral arguments to this court that the letter in question, which admittedly did not transmit a copy of the "order" and which admittedly was not "served" as required, was not sufficient actual knowledge to start the applicable 30-day clock running, MAXXAM nevertheless cannot satisfy (or at least has not satisfied) us that its filing of the instant action was not woefully untimely or that the timing of such filing — shortly after the commencement of legal action by the government against MAXXAM's principal owner and executive — was not too much of a coincidence to be a coincidence. Indeed, the water that has passed under the bridge since MAXXAM's bid was spurned in favor of Hyperion has been a veritable torrent, sweeping seven years of irreversible change so far downstream that this Humpty Dumpty cannot be put together again. Statutes have been repealed; agencies have ceased to exist; and assets formerly held by the target of MAXXAM's and Hyperion's acquisition efforts have been divested and even made illegal.

Our careful consideration of the record in this case, of the helpful and elucidative briefs of counsel, and of the most able oral arguments made to this court, convinces us beyond peradventure that the reversal and relief sought by MAXXAM in this appeal are unavailable and that the FHLBB committed no reversible error in denying MAXXAM's petition for review.  The order appealed from is, therefore, affirmed in all respects.

AFFIRMED.